WEST *v.* CHASE.

A purchaser of land, whose deed is to be made upon the payment of several notes given for the purchase-money, cannot maintain a bill, filed after all the notes have become due, to enforce the execution of the deed, without showing a payment of all the notes, or a proper offer to pay them, or something equivalent.

*A.* contracted with *B.* to sell to sell to him a lot in *Elkhart* county, for a certain sum in potter's ware, for the payment of which sum five notes were given. The contract was made in said county, where *B.* resided; but *A.* then, and when this suit was brought, resided in *Illinois.* The first three notes were paid to *A.* when they became due. When the last two severally became due, *B.* set apart at his manufactory, in said county, where he carried on the business of manufacturing potter's ware, a sufficient quantity of potter's ware to pay them. He, afterwards, filed his bill to compel *A.* to execute to him a deed, but did not aver or prove a demand of the deed. *Held,* that by setting apart the potter's ware as stated, it became the property of *A.,* and the notes were thereby paid. *Held,* also, that *A.'s* absence from the state was a sufficient excuse for *B.'s* not demanding a deed, had the demand been otherwise necessary.

ERROR to the *Elkhart* Circuit Court.

*Tuesday,*
*May 25.*

BLACKFORD, J.—This was a bill in chancery, filed in the *Elkhart* Circuit Court in *August,* 1844, by *Chase* against *West.*

The bill states that *West,* on the 7th of *December,* 1842, contracted to sell to *Chase* lot No. 66, in *Elkhart,* for 250 dollars in potter's ware, for the payment of which sum five notes of 50 dollars each were given; that the note first due was payable on the 1st of *March,* 1843, and the one last due was payable on the 1st of *March,* 1844; that *West* was to make the deed by the 1st of *March,* 1843, by *Chase's* making him a mortgage to secure the notes.

The bill further states that the three notes first due were paid; that when the other two fell due, the complainant had the ware ready to deliver in payment of them; that he has always been, and still is, ready to deliver the ware; that said ware, sufficient to discharge said two notes, was set apart and designated for the payment thereof, by the complainant, who was ready and willing to deliver the same to *West,* but no person came to receive

May Term,
1852.

WEST
v.
CHASE.

it; and that he has said ware still ready to discharge said two notes whenever the same shall be called for.

The bill further states that the complainant has been always ready to execute the mortgage upon *West's* conveying him the lot, but that *West* has refused to make the conveyance, notwithstanding the complainant has required him to do so, and has offered to pay him the residue of the purchase-money upon his making the conveyance.

Prayer that *West* may be required to convey said lot to the complainant, and for general relief.

The answer admits the execution of the contract and of the notes as stated in the bill. It also admits the payment of three of the notes as alleged in the bill. It denies that the complainant was always ready and willing to pay the two unpaid notes, or that he had the potter's ware ready. It alleges that when said two notes respectively became due, the defendant demanded payment of the same, but the payment either in potter's ware or otherwise was refused. It denies that the complainant offered to execute the mortgage in case of the defendant's executing the conveyance for the lot. It denies that the complainant ever demanded a deed for the lot, and offered to pay the residue on the deed's being made.

The cause was submitted to the Court on the bill, answer, exhibits, and depositions; and a decree was rendered for the complainant.

This bill, not having been filed until all the notes fell due, the complainant could not have a decree for the lot without showing a payment of all the notes, or a proper offer to pay them, or something equivalent.

It was proved that the contract in question was made in said *Elkhart* county, where the lot is situate, and where the complainant resided; that the defendant resided, when the contract was made, and up to 1846, in the state of *Illinois;* and that during the year 1844, the complainant carried on, in said *Elkhart* county, the business of making potter's ware. It was also proved that when the

two notes in question respectively became due, the complainant set apart for the defendant, at a certain potter's ware shop in said county, potter's ware sufficient to discharge those notes. The only difficulty in the case is to determine, from the depositions, whether said shop was the place where the complainant carried on his said business. If it was, the ware set apart as aforesaid became the property of *West*, and the notes were paid. We have come to the conclusion, not however without some hesitation, that the complainant did carry on his said business at said shop. The consequence is, the complainant must be considered as having done all the law required, in order to perform his part of the contract.

The defendant's absence from the state was a sufficient excuse for the complainant's not demanding a deed, had such demand been otherwise necessary.

*Per Curiam.*—The decree is affirmed, with costs.

*L. Barbour*, for the plaintiff.

*J. Morrison* and *S. Major*, for the defendant.